Civilian pay; reduction in grade; Veterans’ Preference Act; measure of recovery; cost-of-living allowance; overtime pay. — Plaintiff, a veteran preference eligible, was reduced in grade from a GS-11 to GS-10 and assigned work in Alaska. Thereafter, on order of the Civil Service Commission, he was restored to his higher grade and position in Detroit, Michigan, and was paid the difference between the basic rates of compensation in the two grades. Subsequently defendant recouped all it paid plaintiff on the ground that, because plaintiff had worked overtime in the GS-10 job and had received as much or more total pay than he would have received had he not been wrongfully demoted from the GS-11 job, the $1,472.09 back pay payment had been in error. Plaintiff sued to recover such amount, plus $345 representing the difference in the cost-of-living allowance (Alaska) based on the basic pay of a GS-11 job instead of the GS-10 job. Plaintiff claimed that he was entitled to retain all sums he had earned as overtime in Alaska and not have such amounts offset against his back pay recovery under the Veterans’ Preference Act and under section 6(b) of the Act of June 10, 1948, 62 Stat. 354, 355 (5 U.S.C. § 652(b)), because such overtime had been officially ordered and approved under applicable law, and if plaintiff had not been wrongfully demoted he still would have been subject to performing overtime in his proper GS-11 grade. Plaintiff claimed that he was also entitled to recover the cost-of-living allowance because he actually worked in Alaska where such allowance is payable. Defendant urged that there was no GS-11 position to which plaintiff could have been assigned in Alaska and therefore the only position in which he could have earned such allowance was the GS-10 position and he was paid that allowance. On October 6, 1960, the case was argued orally on plaintiff’s and defendant’s motions for summary judgment. Upon consideration of such argument and the briefs of counsel, the court concluded that plaintiff was entitled to recover the $1,472.09 back pay recouped by defendant but was not entitled to *699 recover the additional cost-of-living allowance claimed. On October 14, 1960, it was ordered that plaintiff’s motion for summary judgment be denied as to the claim for additional cost-of-living allowance and granted as to his claim for $1,472.09, and that defendant’s motion for summary judgment be granted with respect to dismissal of plaintiff’s claim for additional cost-of-living allowance and denied as to plaintiff’s claim for recouped back pay.